929 F.2d 457
 Benton D. BURT, Plaintiff-Appellant,
v.
Michael HENNESSEY, Sheriff of San Francisco County; William
W. Davis, Under-Sheriff of S.F. County; Osuna, Ch. Dep.
Sheriff; Pisciotta, Sheriff Sg.; Randy Darr, Attorney for
Prisoner's Services for the San Francisco County Sheriff's
Department, Defendants-Appellees.
 No. 86-2651.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Feb. 13, 1991.*
Decided March 21, 1991.
 
 Benton D. Burt, San Francisco, Cal., in pro. per.
 David A. Donner, Deputy City Atty., San Francisco, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before GOODWIN, TANG and THOMPSON, Circuit Judges.
 GOODWIN, Circuit Judge:
 
 
 1
 Benton Burt, while a pretrial detainee in the San Francisco County Jail, sued the Sheriff and others under 42 U.S.C. Sec. 1983, alleging that he was confined under illegal and unconstitutional conditions. After a bench trial, the district court concluded that Burt had been subjected to punishment in violation of his rights under the Eighth and Fourteenth amendments and awarded Burt $500 in damages. He appeals the denial of his cost bill as well as the parsimonious award of damages.
 
 
 2
 Burt, who was acting as his own attorney, itemized his costs and filed affidavits supporting his claims of expenses. The district court held that most of the items that Burt claimed were not allowable as costs under Local Rules.
 
 I. JURISDICTION
 
 3
 An appeal must be filed within 30 days of the date of entry of judgment. Fed.Rule App.P. 4(a). Burt's appeal from the judgment of damages was not made within 30 days. Therefore, this court has no jurisdiction to hear the appeal on the amount of damages. Burt's appeal from the order awarding costs was made within 30 days of the award and is timely. Thus, we have jurisdiction to hear that part of Burt's appeal asserting that the district court erred in denying most of his requests for costs.
 
 II. REQUEST FOR COSTS
 
 4
 Burt requested reimbursement of costs for the following items: typing, editing, xeroxing, and preparation of pleadings; filing and personal service of pleadings; legal research; trial assistance; payments to witnesses; and photographs of the jail (ten 3" by 4" photos and ten 8" by 10" photos). Relying on its Local Rules, the district court denied all these costs except the cost of the 3" by 4" photographs.
 
 
 5
 In United States v. Feldman, 788 F.2d 625 (9th Cir.1986), cert. denied, 479 U.S. 1067, 107 S.Ct. 955, 93 L.Ed.2d 1003 (1987), this court held that while a pro se criminal defendant was not entitled to attorneys' fees for representing himself, he was entitled to the same reimbursement for costs that an attorney representing him would have received: "To deny this same right of reimbursement to pro se defendants would contradict the spirit of the Act. Moreover, to bar a pro se defendant from recovering costs would be tantamount to placing an impediment on a defendant's right to proceed pro se." Id. at 626. Although Burt involves a section 1983 litigant, rather than a criminal defendant, the Feldman rationale favors awarding Burt costs to the extent that an attorney representing him would have been able to claim them.
 
 
 6
 In authorizing attorneys' fees for prevailing plaintiffs in civil rights suits, the Senate stated that "[i]f private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in court." Senate Rpt. 94-1011, 1976 U.S.Code Cong. & Admin.News 5908, 5910. While this Senate report dealt only with attorneys' fees, it nevertheless indicates a strong congressional policy favoring access to the courts and reimbursement of expenses in section 1983 actions.
 
 
 7
 The district court denied Burt's costs because they were not allowable under the Local Rules. But if Burt had been represented and brought a Section 1988 action for attorneys' fees, the fees would have included the parts of these costs that are included in the lawyer's overhead. We hold that Burt is entitled to recover his actual costs reasonably incurred to the extent that an attorney could have received these costs under a Section 1988 attorney's fees award.
 
 A. Paralegal and secretarial costs
 
 8
 The district court disallowed any costs for legal research or secretarial services. The government claims that Burt is seeking to be reimbursed for his own time, but this is a mischaracterization of Burt's request. Burt seeks costs only for secretarial and paralegal services provided by others and for which he has been billed. The Local Rules do not mention these costs.
 
 
 9
 In Missouri v. Jenkins, 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989), the Court held that an attorney recovering fees under Section 1988 can also bill separately at market rate and be compensated for the services of paralegals. Id. 109 S.Ct. at 2469-72. The Court implied that an attorney could also recover the costs of secretarial services. Id. at 2472 n. 10 ("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate...."). The Court assumed that secretarial and paralegal services were both billable and only discussed the proper billing rate for such services. Because an attorney would have been able to recover the reasonable costs of paralegal and secretarial assistance, we hold that Burt should also recover these costs to the extent that they are reasonable and that he actually incurred them.
 
 B. Xerox Copies
 
 10
 The Local Rules deny the cost of reproducing pleadings and motions, and the court disallowed these costs for that reason. If Burt had been represented by counsel, these costs would have been reimbursed through the overhead implicit in the attorney's hourly fee. Thus, while the local rule makes sense in the context of a party represented by counsel, the disallowance here creates an inequity in the treatment of costs between pro se litigants and litigants represented by counsel. We hold therefore that Burt should be entitled to recover the reasonable costs actually incurred for copying pleadings.
 
 C. Witness Fees
 
 11
 Burt requested that three professionals who testified as expert witnesses be reimbursed at their hourly rate. The district court held that Burt was not entitled to "payments to witnesses beyond the usual witness fee." Despite the court's reference to "the usual witness fee," however, it does not appear that the court allowed statutory fees to Burt. The ruling was within the court's discretion to deny reimbursement based on the witnesses' hourly fees, but the court should have allowed the non-expert statutory witness fee.
 
 D. Photos
 
 12
 The court allowed Burt to recover the cost of producing ten photographs of the jail housing area, but disallowed the cost of ten "blow-up" photographs because they were "not required by the court." However, under the Local Rules, the court should have allowed costs for these photos, whether or not they were required by the court. Rule V(E) provides that "[t]he cost of preparing charts, diagrams, videotapes and other visual aids to be used as exhibits is allowable if such exhibits are reasonably necessary to assist the jury or the court in understanding the issues at the trial." (emphasis added) Burt may well have believed blow-up photographs were "reasonably necessary" to show details of the conditions in the prison. The court itself did not decide whether the photographs were or were not "reasonably necessary." Instead, it mistakenly applied the Local Rules in barring the costs simply because they were not "required by the court."
 
 
 13
 The court may have confused Rule V(E) on visual aids with Rule V(D), which provides that "[t]he cost of reproducing trial exhibits is allowable to the extent that a judge requires copies to be provided." (emphasis added). This rule governs the cost of making copies of trial exhibits, not creating the original visual aids themselves. The district court, on remand, should determine whether the photo blow-ups were reasonably necessary to assist the court under Rule V(E).
 
 E. Filing and Service of Pleadings
 
 14
 The Local Rules do not allow the cost of filing and serving pleadings other than the summons and the complaint. The district court was correct in denying Burt the costs of filing and serving pleadings.
 
 CONCLUSION
 
 15
 Burt is entitled to the statutory witness fee, but no further witness fees. Burt is not entitled to the cost of filing and serving pleadings other than the summons and the complaint. Aside from expert witness fees and fees for filing and service, Burt is entitled to all actual costs that he incurred in prosecuting this litigation, including costs on appeal.
 
 
 16
 The order denying costs is vacated and the cause is remanded. Burt shall resubmit proof of payment or billing for reconsideration consistent with this opinion. The district court shall enter an appropriate judgment of reasonable costs. The cost bill in the district court should include actual costs on appeal.
 
 
 17
 REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)