29 F.3d 632
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald James HENDON, aka Steven Michael Vann, Plaintiff-Appellant,
v.
Samuel A. LEWIS, Director, et al., Defendants-Appellees.
 No. 93-15585.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 6, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald J. Hendon, an Arizona state prisoner, appeals pro se the district court's judgment, following a jury trial, in this 42 U.S.C. Sec. 1983 action. Hendon contends that the district court erred by denying: (1) his motions for appointment of counsel, (2) his request for a continuance of the trial, and (3) his motion for a new trial on the issue of damages. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm in part, and reverse and remand in part.
 
 
 3
 * Hendon argues that the district court erred by denying his motions for appointment of counsel. We disagree.
 
 
 4
 A district court may exercise its authority to appoint counsel in a civil case if the case involves "exceptional circumstances." Wilborn v. Escaldaron, 789 F.2d 1328, 1331 (9th Cir.1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' " Id. (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983)).
 
 
 5
 Here, the district court carefully evaluated these criteria and determined that appointment of counsel was not warranted in this case. We conclude that the district court properly denied Hendon's motions for appointment of counsel. See id.
 
 II
 
 6
 Hendon next argues that the district court erred by denying his request for a continuance of the trial to allow him to obtain funds to pay the fees to subpoena witnesses. This argument fails. The record reveals that Hendon abandoned his request for a continuance. Instead, Hendon agreed to a procedure devised by the district court, whereby the defendants were required to produce at trial several witnesses named by Hendon, and Hendon was not required to pay the witness fees. Because Hendon did not object to this procedure in the district court, we will not consider his challenge to it on appeal. See International Union of Bricklayers v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985) (absent exceptional circumstances, this court will not review an issue not raised below).
 
 III
 
 7
 Finally, Hendon challenges the district court's judgment awarding him $0 in actual damages. The jury found that defendant Shelton had violated Hendon's Eighth Amendment rights by using excessive force against him, but found that Hendon had not proved any actual damages. The district court entered judgment in accordance with the jury's verdict.
 
 
 8
 On appeal, Shelton concedes that the district court erred by entering a judgment that awarded Hendon no damages. Instead, Shelton admits that Hendon is entitled to a $1 nominal damage award. See George v. City of Long Beach, 973 F.2d 706, 708 (9th Cir.1992) ("In this Circuit, nominal damages must be awarded if a plaintiff proves a violation of his constitutional rights."), cert. denied, 113 S.Ct. 1269 (1993). We agree that Hendon is entitled to an award of nominal damages. But we reject Hendon's argument that he is entitled to a new trial on the issue of actual damages. See id. (where jury finds a violation of plaintiff's constitutional rights but does not award actual damages, the proper remedy is to remand for an award of $1 in nominal damages); Floyd v. Laws, 929 F.2d 1390, 1401-02 (9th Cir.1991) (same). Accordingly, we reverse the district court's judgment and remand with instructions to award Hendon $1 in nominal damages.
 
 
 9
 Moreover, as the prevailing plaintiff in this civil rights action, Hendon "is entitled to recover his actual costs reasonably incurred to the extent that an attorney could have received these costs under a [42 U.S.C. Sec. 1988] attorney's fees award." See Burt v. Hennessey, 929 F.2d 457, 459 (9th Cir.1991). On remand, Hendon shall submit proof of payment for the costs he incurred in prosecuting this action, and the district court shall award him reasonable costs. See id.
 
 
 10
 AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3