**Michael ROMBERG; Debra Romberg, Plaintiffs–Appellants,**

**v.**

**Robert NICHOLS; Dennis Lazzari; Hugh Lloyd; Benito Jurado; Thomas Laing; et al., Defendants–Appellees.**

No. 93–56296.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 1994 *.

Decided Feb. 24, 1995.

As Amended on Denial of Rehearing and Rejection of Suggestion for Rehearing En Banc May 19, 1995.

---

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34–4.

454

Stephen Yagman, Yagman & Yagman, Venice, CA, for plaintiffs-appellants.

Scott A. Taryle, Cotkin & Collins, Keith A. Fink, Baker & Hostetler, Los Angeles, CA, for defendants-appellees.

Before: WALLACE, Chief Judge; D.R. THOMPSON and O'SCANNLAIN, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

When a jury returns a plaintiff's verdict in a civil rights case in the amount of one dollar, must the court also award the plaintiff attorney's fees?

## I

In late December 1983, Michael and Debra Romberg filed suit under 42 U.S.C. § 1983 against several Los Angeles sheriff's deputies and against the County of Los Angeles itself. The Rombergs alleged, among other things, that the deputies had violated their constitutional rights by not obtaining a search warrant before entering their home in response to a call about a domestic disturbance in 1982.[1] The Rombergs sought $2 million in general punitive damages, along with attorney fees and costs. After trial, a jury found in favor of the Rombergs, but only awarded $1 to each of them. In his closing argument, Stephen Yagman, the Rombergs' attorney, informed the jury that, in his view, his clients were entitled to damages " 'in some sum like one dollar.' "[2]

The Rombergs, asserting their status as prevailing parties under 42 U.S.C. § 1988, sought an award of attorney's fees in the amount of $45,000. The district court granted the Rombergs' motion, but only in the amount of $5,000.

The deputies appealed, arguing that even the reduced award was unmerited. This court found that it was "unable to review the order as written," and vacated and remanded. *Romberg v. Nichols,* No. 87–6724 at 1, 1988 WL 86207 (9th Cir. Aug. 16, 1988). In response, the district court issued a more detailed order, this time awarding the Rombergs attorney's fees in the amount of $29,137.50. *Romberg v. Nichols,* No. 83–8448 (C.D.Cal. Jan. 20, 1989).

The deputies appealed once again, arguing that the Supreme Court's decision in *Texas State Teachers Association v. Garland Independent School District,* 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989), issued after the district court's order, precluded any award of fees to the Rombergs. This court again vacated the district court's order and remanded for a specific determination of whether *Texas State Teachers* in fact precluded the Rombergs from recovering fees. *Romberg v. Nichols,* Nos. 89–55202 & 89–5218 (9th Cir. May 25, 1990) [904 F.2d 41 (Table) ]. The district court summarily rejected this contention, reinstating the $29,137.50 award. *Romberg v. Nichols,* No. 83–8448 (C.D.Cal. Aug. 17, 1990).

The deputies appealed once again, but this time the Rombergs cross-appealed, insisting

---

1. The district court dismissed the County and most of the Rombergs' claims before trial, but it declined to dismiss the Fourth Amendment claim against the remaining defendants.

2. *Romberg v. Nichols,* No. 83–8448 at 2 (C.D.Cal. Jan. 20, 1989) (quoting trial transcript).

the district court's order was unjustifiably low. We affirmed the award. *Romberg v. Nichols*, 953 F.2d 1152 (9th Cir.), *as amended*, 970 F.2d 512 (1992). The deputies sought Supreme Court review. The Court granted certiorari and remanded the case for reconsideration in light of the Court's recent opinion in *Farrar v. Hobby*, — U.S. —, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). We, in turn, once again vacated the award of fees and remanded for reconsideration. *Romberg v. Nichols*, 993 F.2d 1453 (1993).

On remand, the district court, applying the principles articulated in *Farrar*, denied the Rombergs' fee request altogether, from which order the Rombergs now appeal.

## II

▇▇ It is undisputed that the Rombergs are "prevailing parties" in this suit. As *Farrar* established, even a plaintiff who wins only nominal damages is a prevailing party under section 1988. *Farrar*, — U.S. at —, 113 S.Ct. at 573. The Rombergs' status as prevailing party does not necessarily entitle them to attorney's fees, however. Indeed, as the Court emphatically explained, "[i]n some circumstances, even a plaintiff who formally 'prevails' under § 1988 should receive no attorney's fees at all." *Id.* at —, 113 S.Ct. at 575. Rather, "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Id.* at —, 113 S.Ct. at 574 (internal quotation and citation omitted).

▇▇ In light of the new *Farrar* standard, we must now conclude that the Rombergs are a perfect example of plaintiffs who "should receive no attorney's fees at all." As in *Farrar*, the Rombergs requested a substantial sum, but received only one dollar each; although they prevailed, the Rombergs did not succeed. "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Id.* at —, 113 S.Ct. at 575 (internal citation omitted).

The Rombergs attempt to distinguish their case by arguing that, unlike the plaintiffs in *Farrar*, they have consistently sought only nominal damages. Thus, they conclude, the fact that the jury awarded them only $1 each says nothing about the success of their claim, for they received exactly what they sought. In particular, the Rombergs contend that although they prayed for compensatory and punitive damages, the complaint was superseded by a pretrial order in which they sought only nominal damages. In addition, they point to Mr. Yagman's closing argument, in which he suggested to the jury on the Romberg's behalf that an award in the amount of "one dollar" might be appropriate.

The record belies the Rombergs' first contention. The complaint indicates that the Rombergs initially sought $2 million in punitive and compensatory damages against each of eight sheriff's deputies. The pretrial order shows no reduction in this request.

▇▇ Unlike the first, the Rombergs' second contention is accurate—Mr. Yagman, in his closing argument, indeed suggested that, if nothing else, his clients should at least be awarded nominal damages. Such a strategy cannot trump *Farrar*, however. An attorney cannot avoid *Farrar*'s mandate by waiting until the close of trial and then, when he perceives that his clients have little chance of success, asking for only nominal damages to justify an attorney's fee award. "[F]ee awards under § 1988 were never intended to produce windfalls to attorneys." *Farrar*, — U.S. at —, 113 S.Ct. at 575 (quotation omitted); for us to overrule the trial judge in this case would have precisely such effect.

▇▇ Finally, despite their vague allusions to the preservation of the "sanctity of the home," the Rombergs have failed to identify any nonmonetary successes resulting from their litigation efforts against the Sheriff's Department or individual deputies. As this court has recognized, "[i]f the lawsuit achieved other tangible results—such as sparking a change in policy or establishing a finding of fact with potential collateral estoppel effects—such results will, in combination with an enforceable judgment for a nominal sum, support an award of fees." *Wilcox v. City of Reno*, 42 F.3d 550, 555 (9th Cir.1994). Such "tangible results" are utterly lacking in the record of this case.

The denial of attorney's fees is AFFIRMED.