81 F.3d 168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald James HENDON, a/k/a Steven Michael Vann, Plaintiff-Appellant,
v.
Samuel LEWIS; George Herman; John Hallahan; Bill Gotcher;
Glen Parin; Captain Brenan; Captain Taylor; Lt. Shelton;
Lt. Flannigan; Lt. Anderson; Sgt. Vencimora; Sgt.
Wilson; Sgt. Jones; Sgt. Vertrees; CPO Phillips, et al.,
Defendants-Appellees.
 No. 95-15859.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided March 29, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Steven Michael Vann, the prevailing party in this 42 U.S.C. § 1983 action, appeals pro se from the district court's order denying costs, filed following this court's remand for the award of reasonable costs. See Hendon v. Lewis, No. 93-15585, unpublished memorandum disposition (9th Cir. July 6, 1994). We affirm.
 
 
 3
 First, we reject appellees' contention that the April 25, 1995 notice of appeal was untimely; Vann's January 27 reconsideration motion tolled the time for appeal from the district court's January 18 order declining to award costs. See Fed.R.App.P. 4(a)(4); Munden v. Ultra-Alaska Assoc., 849 F.2d 383, 387 (9th Cir.1988). We also reject appellees' contention that we should refrain from entertaining an appeal that exclusively challenges a district court's ruling on costs. See Burt v. Hennessey, 929 F.2d 457, 458 (9th Cir.1991) (assuming jurisdiction over costs appeal).
 
 
 4
 The district court clerk denied Vann's request for copying costs as insufficiently supported by documentation showing actual expenses paid for allowable copying under District Court for the District of Arizona Local Rule 2.19(e), which does not permit reimbursement for copying of pleadings. The clerk referred Vann's requests for costs for paralegal services, postage, and telephone calls to the district court, which construed them as attorney fee requests and denied them.
 
 
 5
 None of the costs requested by Vann is taxable under Local Rule 2.19(e). See Fed.R.Civ.P. 54(d)(1) (costs other than attorney fees allowed to prevailing party in civil action). Vann's requests for costs for copying, postage, and telephone calls are for the type of costs normally reimbursed through the overhead implicit in an attorney's hourly fee. See Burt, 929 F.2d at 459 (pro se plaintiff may recover costs to extent attorney could receive them under award of attorney fees pursuant to 42 U.S.C. § 1988). Because Vann was awarded only nominal damages, however, the district court did not abuse its discretion by denying these cost requests. See Romberg v. Nichols, 48 F.3d 453, 455 (9th Cir.), cert. denied, 116 S.Ct. 379 (1995). For the same reason, the district court did not abuse its discretion by denying Vann's request for paralegal costs. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3