91 F.3d 151
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bobby DANIELS, Plaintiff,
Frank Scott Moore, Appellant,
v.
B. BARK; N. Reynolds; M. Romines; M. Tackett, Defendants-Appellees.
 No. 95-15365.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 14, 1996.
Decided June 28, 1996.
 
 Before: REINHARDT and HALL, Circuit Judges, MERHIGE,* District Judge.
 MEMORANDUM**
 Frank Scott Moore, attorney for plaintiff Bobby Daniels, appeals the district court's order denying him attorneys' fees pursuant to 42 U.S.C. § 1988. We affirm.
 I.
 Appellant argues that the district court abused its discretion in denying attorneys' fees. In determining whether counsel is entitled to fees in such cases, the "most critical factor" is the degree of success obtained. Farrar v. Hobby, 113 S.Ct. 566, 575 (1992). The court may also consider the significance of the legal issue on which the plaintiff prevailed and the public purpose served by plaintiff's complaint. Id. at 579 (O'Connor, J. concurring).
 
 
 1
 Here, Daniels sued eight prison officials and sought $120,000 in damages, but won only $1.00 from one defendant. Under the reasoning of Farrar, we find that Daniels demonstrated only minimal success and are not persuaded by appellant's arguments that (1) Daniels sought more than just monetary damages and (2) this judgment has "prospective collateral estoppel" effect.
 
 
 2
 First, while it is true that Daniels' complaint requested injunctive and declaratory relief, Daniels abandoned those claims at trial because he failed to include them in the pretrial memorandum incorporated into the pretrial order.[1] Northwest Acceptance Corp. v. Lynnwood Equipment, Inc., 841 F.2d 918, 924 (9th Cir.1988) (failure to raise issue in pretrial order constitutes waiver). Thus, it would seem the sole purpose of this suit was the recovery of money damages and in such a case, "a failure to obtain a judgment awarding actual damages is a strong indication of a low degree of success, because 'the awarding of nominal damages ... highlights the plaintiff's failure to prove actual, compensable injury.' " Wilcox v. Reno, 42 F.3d 550, 555 (9th Cir.1994) (quoting Farrar, 113 S.Ct. at 575).
 
 
 3
 Second, the potential collateral estoppel effect of this judgment is limited. At its core, the verdict is only an assessment of liability for a private injury against one person. Appellant has failed to demonstrate how the verdict changed prison policy or in what context the verdict will have collateral estoppel effect.
 
 
 4
 Because Appellant has failed on this, the most critical factor in the analysis, we find that the district court did not abuse its discretion in refusing to award attorneys' fees. Furthermore, we note that any non-pecuniary benefit that Daniels obtained occurred prior to the time that counsel commenced representation.
 
 II.
 
 5
 Pursuant to FRAP 39, defendant seeks attorney's fees and costs expended on this appeal. Defendant alleges that the appeal is frivolous and without foundation given the holding in Romberg v. Nichols, 48 F.3d 453, 455 (9th Cir.), cert. denied, 116 S.Ct. 379 (1995). Although there is solid authority militating against the award of attorneys' fees, there is also authority that supports appellant's claims. We believe that this appeal was neither frivolous nor unreasonable and therefore we deny defendant's request.
 
 III.
 
 6
 We AFFIRM.
 
 
 
 *
 Hon. Robert R. Merhige, Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Daniels also argues that his requests for injunctive and declaratory relief were "usurped" by the class action suit initiated by Pelican Bay inmates who alleged that conditions in the prison violated the Eighth Amendment. Madrid v. Gomez, 889 F.Supp. 1146 (N.D.Cal.1995)
 While it is true that the class action suit sought injunctive and declaratory relief, it did not preempt Daniels' claim for relief. He was free to pursue his claims, many of which were directed at specific prison employees.