99 F.3d 1148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roy WESTON, Plaintiff-Appellee,
v.
CITY OF LOS ANGELES: Willie Williams, Chief of Police;
Grainne Murray; Oscar Prado; Defendants-Appellants.
 No. 95-55416.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 10, 1996.
Decided Oct. 18, 1996.
 
 Before: PREGERSON, BOOCHEVER, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants challenge the order of the district court awarding $124,812.50 in attorney's fees to plaintiff Roy Weston, following a jury verdict in his favor in the amount of $4,002. Because we conclude that the district court did not abuse its discretion, we affirm the award.
 
 I.
 
 3
 The district court's determination of attorney's fees is reviewed for abuse of discretion. Corder v. Brown, 25 F.3d 833, 836 (9th Cir.1994). As we recently held:
 
 
 4
 The customary method of determining fees, which the district court should have used here, is known as the lodestar method. "The lodestar determination has emerged as the predominate element of the analysis" in determining a reasonable attorney's fee award. The "lodestar" is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. After making that computation, the district court then assesses whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the Kerr factors that are not already subsumed in the initial lodestar calculation. That is the procedure the district court was required to follow here.
 
 
 5
 Morales v. City of San Rafael, No. 94-15523, 1996 WL 502102, at * 4 (9th Cir. Sept. 6, 1996) (internal citations omitted). There is a "strong presumption that the lodestar figure represents a reasonable fee." Id. at * 4 n. 8.
 
 
 6
 Without question, the district court in its written order recognized the proper procedure as set forth above. The order begins with a clear general analysis of the lodestar figure and the relevant factors to be considered. The court then proceeds to make the calculation, multiplying the hours "reasonably expended" by Weston's attorneys by a "reasonable" hourly rate:
 
 
 7
 The Court finds that an award of $120,000.00 for Stephen Yagman [300 hours X $350/hr] and $4,812.50 for Marion Yagman [13.75 hours X $350/hr] is reasonable. The time and effort required to prosecute this action have been fully documented by Plaintiff's counsel. The Court does not find that the time expended by Plaintiff's counsel was excessive, duplicative or otherwise unnecessary. The prevailing market rate in the community is indicative of the reasonable hourly rate. Plaintiff's counsel have submitted extensive evidence demonstrating that the prevailing market rate for attorneys of similar training, knowledge and experience in the relevant legal market is between $350 and $400. Thus, the Court does not find that the hourly rates of $400 for Stephen Yagman and $350 for Marion Yagman are unreasonable.
 
 
 8
 Defendants first argue that the trial court abused its discretion because it "made no reduction in the requested fees to reflect the vast gap between the $60 million in damages sought and the $4,002 awarded." Relying entirely on the existence of a disparity between the damages awarded and the damages sought, the City argues that the district court abused its discretion by failing to give "primary consideration to the amount of damages awarded versus those sought. Had it done so, the court could not have awarded the full fees requested."
 
 
 9
 The City's argument turns on its reading of the obligations imposed on a trial court by the Supreme Court's decision in Farrar v. Hobby, 506 U.S. 103, 113 S.Ct. 566 (1992), and this court's decision in McGinnis v. Kentucky Fried Chicken of California, 51 F.3d 805 (9th Cir.1994). The City, however, misconceives the court's obligation under Farrar and McGinnis: nothing in either of those cases or the others cited in appellants' brief requires a district court to make an express reduction in the figure requested by plaintiffs simply because of a disparity between the damages alleged in the complaint and those awarded by the jury.[1] Rather, Farrar and McGinnis only require that the district court "consider 'the results obtained' ... or 'the extent of [ ] success' in calculating the lodestar figure." Morales, 1996 WL 502102, at * 4 (internal citations omitted). The district court here fulfilled that obligation. The court noted in its written order:
 
 
 10
 In evaluating the reasonableness of these awards, the Court notes that this case resulted in substantial success for the Plaintiff. In addition to prevailing on his claims against the Defendant officers, Plaintiff also prevailed in the Monell phase against the City of Los Angeles, an area in which Plaintiffs have historically been unsuccessful. In addition, Plaintiff received both compensatory and punitive damages rather than nominal damages.
 
 
 11
 Notwithstanding the City's repeated attempts to disparage Weston's victory, the district court found that plaintiff achieved "substantial success" and that the attorney's fee award was reasonable in light of the success achieved. The City's argument that the district court abused its discretion on this count is without merit.
 
 
 12
 Moreover, the City fails in its attempt to dismiss the obvious public benefits derived from this suit. What we said in Morales applies equally well here:
 
 
 13
 Morales' nonmonetary success was significant. The jury held both the City and the officer involved responsible for his unlawful arrest. Because it assessed damages against the defendants, the verdict established a deterrent to the City, its law enforcement officials and others who establish and implement official policies governing arrests of citizens. Thus, it served the public purpose of helping to protect Morales and persons like him from being subjected to similar unlawful treatment in the future.
 
 
 14
 1996 WL 502102, at * 4. Even if the court did not make explicit findings regarding public benefit, its decision is supported by the above conclusions analyzing generally the deterrence value of jury verdicts in civil rights cases like Weston's--conclusions which seem quite obvious.[2]
 
 
 15
 Likewise, we are unpersuaded by appellants' argument that the district court abused its discretion because it "did not reduce the requested fees one penny to reflect Weston's failure to prevail on all his claims and against all defendants." Certainly, a district court may reduce an attorney's fee award where the plaintiff does not prevail against all defendants or on all of his claims. See Harris v. Marhoefer, 24 F.3d 16, 19 (9th Cir.1984). However, "[i]t is clear that a litigant need not prevail on every claim in order to receive a full fee." Gates v. Deukmejian, 987 F.2d 1392 (9th Cir.1992). The full lodestar amount may be inappropriate where "relief sought on the unsuccessful claims is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury upon which the relief granted is premised." Odima v. Westin Tucson Hotel, 53 F.3d 1484, 1499 (9th Cir.1995). Here, however, the district court, did not abuse its discretion in awarding full fees where all of the claims sought relief arising from the same "course of conduct" and where the court found plaintiff substantially succeeded in his suit. Id.
 
 
 16
 Next, we reject the City's contention that the district court erred by calculating the award using "unreasonable" rates. The court, relying on Jordan v. Multnomah County, 815 F.2d 1258 (9th Cir.1987), correctly noted that "the prevailing market rate in the community is indicative of the reasonable hourly rate." It went on to find expressly that "Plaintiff's counsel have submitted extensive evidence demonstrating that the prevailing market rate for attorneys of similar training, knowledge and experience in the relevant legal market is between $350 and $400. Thus, the Court does not find that the hourly rates of $400 for Stephen Yagman and $350 for Marion Yagman are unreasonable." None of the City's complaints undermine the findings of the district court nor do they support a conclusion that the district court abused its discretion in using the rates it used to calculate the lodestar figure.
 
 
 17
 Finally, we find no error in the district court's decision to award the fees at current as opposed to historical rates. That decision was perfectly consistent with the holding of Missouri v. Jenkins by Agyei, 491 U.S. 274 (1989), the case on which the court expressly relied.
 
 II.
 
 18
 Because it is clear that the attorney's fees award in this case was well within the discretion of the district court, we affirm.
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Indeed, the district court is not required to "recite" the Kerr factors--including "the extent of success" factor--at all. The requirement is simply that it consider those factors. Morales, 1996 WL 502102, at * 4 n. 10
 
 
 [2]
 Appellants' reliance on Romberg v. Nichols, 48 F.3d 453 (9th Cir.1995) for the proposition that Weston failed to carry his burden on this issue is misplaced. Romberg involved only nominal damages, and its reasoning is, accordingly, of little assistance in a case in which actual damages were awarded