BALDOCK, Circuit Judge,
dissenting.
Because the jury awarded Plaintiff Bran-dau one dollar on her sexual harassment claim, she is a “prevailing party” entitled to move for an award of attorney’s fees against Defendant under 42 U.S.C. § 2000e-5(k). Farrar v. Hobby, 506 U.S. 103, 112, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). The amount of the jury’s damage award does not affect Plaintiffs status as a “prevailing party.” *1184 Rather, it bears on the reasonableness of the district court’s $40,000 fee award. Farrar instructs us that “ ‘the most critical factor’ in determining the reasonableness of a fee award ‘is the degree of success obtained.’ ” Id. at 114, 113 S.Ct. 566 (quoting Hensley v. Eckerhart, 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)) (emphasis added). Farrar leaves no doubt as to what normally constitutes a reasonable fee for a party securing only nominal damages where, as here, the recovery of damages was the sole purpose of the litigation:
In a civil rights suit for damages ... the award of nominal damages ... highlights the plaintiffs failure to prove actual, com-pensable injury_ When a plaintiff recovers only nominal damages because of her failure to prove an essential element of her claim for monetary relief, ... the only reasonable fee is usually no fee at all.
506 U.S. at 115, 113 S.Ct. 566 (emphasis added).
This court’s reliance upon “the general rule that prevailing parties should recover attorney’s fees,” even where that party achieves nothing more than a moral victory through an award of nominal damages, is wrong. Farrar says exactly the opposite: Where a jury awards a prevailing party nominal damages and nothing more, an award of attorney’s fees is the exception, not the general rule. By discounting Farrar’s controlling principles, the district court clearly “exceeded the bounds of permissible choice,” under the circumstances of this case. Because this court’s opinion, like the district court’s, is contrary to Farrar, I dissent.[1]
Relying on Justice O’Connor’s concurring opinion in Farrar, 506 U.S. at 116-22, 113 S.Ct. 566 (O’Connor, J., concurring), which notably no other member of the Court chose to join, this court makes much about the district court’s conclusions that the jury’s verdict “vindicated the violation of [Plaintiffs] civil rights,” and “served a larger public purpose.” Such vague and indeterminate postulations may be made in virtually all civil rights litigation where plaintiff is a prevailing party by virtue of a nominal damage award. The proper analysis in this case, however, even under Justice O’Connor’s approach, is straightforward: The ratio between the damages sought and recovered was 50,000 to 1; the sole legal issue on which Plaintiff prevailed was unremarkable; and the public benefit from the litigation was uncertain at best, negligible at worst. See id. at 121-22, 113 S.Ct. 566 (O’Connor, J., concurring). If this is not a case in which Farmr precludes an award of attorney’s fees, I am hard pressed to hypothesize one.
As the second circuit has noted: “The vast majority of civil rights litigation does not result in ground-breaking conclusions of law, and therefore will only be appropriate candidates for fee awards if a plaintiff recovers some significant measure of damages or other meaningful relief.” Pino v. Locascio, 101 F.3d 235, 239 (2d Cir.1996). “[N]ot every tangential ramification of civil rights litigation ipso facto confers a benefit on society.” Id. Yet after today, the general rule in the Tenth Circuit appears to be that a one dollar nominal damage award alone justifies a $40,-000 fee award.
Any tangible benefit which might justify the district court’s fee award is “utterly lacking” in this case. See Romberg v. Nichols, 48 F.3d 453, 455 (9th Cir.1995). Plaintiff obtained no meaningful relief-damage award or otherwise. Thus, this court’s opinion finds little support in decisions like Case v. Unified School Dist. No. 233, 157 F.3d 1243 (10th Cir.1998), and Phelps v. Hamilton, 120 F.3d 1126 (10th Cir.1997), where plaintiffs were successful in obtaining prospective relief-a very tangible benefit. The analysis the court undertook in those cases is simply inappropriate for cases such as this where a civil rights plaintiff achieves little or nothing. Moreover, although the district court reasoned that the evidence showed Defendant’s response to sexual harassment in the workplace was inadequate, the fact remains that the “enforceable judgment” requires Defen *1185 dant to do nothing more than pay Plaintiff $1.00. As Justice O’Connor noted in Farrar: “Chimerical accomplishments are simply not the kind of legal change that Congress sought to promote in the fee statute.” 506 U.S. at 119, 113 S.Ct. 566 (O’Connor, J., concurring).
The issue in this case is straightforward and before today easily resolved: Does a district court abuse its discretion in awarding attorney’s fees to a civil rights plaintiff who recovers only nominal damages and nothing more? In Farrar, the Supreme Court answered the question with a resounding yes. As an inferior federal court, we must follow its dictates. While Fangar did not establish a per se rule that a civil rights plaintiff recovering only nominal damages can never receive an attorney’s fee award, the Court’s opinion clearly indicates that a fee award in such a case will be rare. See Pino, 101 F.3d at 238. Plaintiff Brandau’s lawsuit is not the rare exception. Because we are bound by Farrar, I would hold that the district court abused its discretion, and reverse its award of attorney’s fees.

. In Gudenkauf v. Stauffer Communications, Inc., 158 F.3d 1074, 1078 (10th Cir.1998), we incorrectly referred to Farrar as a plurality opinion. Justice Thomas’ opinion was joined by four other justices, (including Justice O’Connor who also wrote separately), making it the opinion of the Supreme Court, and thus binding upon this court.