Brian E. WATKINS, an individual, Plaintiff—Appellant,

v.

CITY OF SAN DIEGO, a public entity; Edward Clark, Officer Edward Clark, an individual; Richard Bulette, Officer Richard Bulette, an individual, Defendants—Appellees.

No. 00–57098.

D.C. No. CV–99–00789–NAJ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 2002.

Decided May 23, 2002.

Before KLEINFELD and GRABER, Circuit Judges, and BOLTON,[*] District Judge.

MEMORANDUM [**]

Under Fed.R.Civ.P. 49(a), if, in preparing the special verdict form, the trial "court omits any issue of fact raised by the pleadings or by the evidence, each party waives the right to a trial by jury of the issue so omitted unless before the jury retires the party demands its submission to the jury." On the special verdict form sent to the jury in this case, if the jury did not find the defendants' actions to be a legal cause of injury to Watkins (as it did not), it was not allowed to reach the issues of damages or the issue of malice or reckless disregard. Because Watkins did not object to the special verdict form before the jury retired to consider its verdict, Watkins waived his right to a jury finding on recklessness or maliciousness (a precursor to punitive damages) if the jury found a violation of federal or state law but no

---

* The Honorable Susan Ritchie Bolton, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

legal cause of damages.[1]

Watkins's argument that he pressed his request for punitive damages at the post-verdict sidebar does not on its face satisfy Rule 49, because the jury had already retired, deliberated, and returned its verdict. Even if we assume, for purposes of discussion, that the waiver could be withdrawn under Rule 49 because the court was obligated to impose a nominal damages award and the jury had not yet retired to deliberate on punitive damages, the sidebar does not demonstrate that Watkins preserved the issue before the jury was discharged. The court articulated its understanding that the positive verdict was on a state cause of action, for which proximate causation of actual damages had to be proved, not a federal constitutional claim, and Watkins did not argue otherwise.

Watkins's reliance on *Pierce v. Southern Pacific Transportation Co.*[2] is also misplaced. In that case, the jury's answers to the special verdict were inconsistent with one another.[3] Here, there is no inconsistency—the problem is with the wording of the special verdict form.[4]

We also hold that the district court's denial of attorney's fees was properly within its discretion.[5]

AFFIRMED.

---

1. *See, for example, Pau v. Yosemite Park & Curry Co.*, 928 F.2d 880, 891 (9th Cir.1991).

2. 823 F.2d 1366 (9th Cir.1987).

3. *Id.* at 1369.

4. *See also Saman v. Robbins*, 173 F.3d 1150, 1155 n. 5 (9th Cir.1999).

5. *See Romberg v. Nichols*, 48 F.3d 453, 455 (9th Cir.1995) (citing *Farrar v. Hobby*, 506 U.S. 103, 115, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)).