**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 15, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOSHUA JAMES ROBERTSON,

     Plaintiff - Appellant,

v.

CHAUNCEY BIBY, Chaplain, El Dorado
Correctional Facility, in his individual and
official capacity; RICK BARRETT,
Chaplain, El Dorado Correctional Facility,
in his individual and official capacity;
LARRY HOSHAW, Unit Team Manager,
El Dorado Correctional Facility, in his
individual and official capacity; JAMES
HEIMGARTNER, Warden, El Dorado
Correctional Facility, in his individual and
official capacity; GLORIA GEITHER,
Director of Religious Programs, Kansas
Department of Corrections, in her
individual and official capacity;
DOUGLAS W. BURRIS, Secretary of
Corrections Designee, Kansas Department
of Corrections, in his individual and
official capacity,

     Defendants - Appellees.

No. 17-3068
(D.C. No. 5:12-CV-03109-SAC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **KELLY**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Kansas prisoner Joshua James Robertson is a Messianic Jew housed in long-term administrative segregation.  He brought suit under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc to 2000cc-5, alleging that restrictions in segregation substantially burdened his religious exercise by preventing him from hearing the Bible read aloud to him.  He asked to be allowed to possess a "my-iBible," an MP3 player loaded with an audio recording of the Bible.  The district court dismissed the action for failure to show a substantial burden on religious exercise, but this court reversed and remanded for further proceedings, *Robertson v. Biby*, 647 F. App'x 893, 898 (10th Cir. 2016).

After the remand, prison officials decided to allow Mr. Robertson to possess the my-iBible and related accessories such as earbud headphones on certain conditions, including that he not use them in violation of the law or prison policies and orders.  The district court therefore granted the defendants' motion for summary judgment based on mootness.  The district court also denied Mr. Robertson's motion for an award of secretarial fees.  Mr. Robertson appealed.

While this appeal was pending, prison officials seized Mr. Robertson's earbuds.  Mr. Robertson notified this court of the seizure in a motion for injunction pending appeal.  Prison officials responded that Mr. Robertson had been using the earbuds improperly to listen to an AM/FM mini-radio while out of his cell, in line to receive medication.  They attached documentation of a disciplinary hearing finding

2

Mr. Robertson guilty of violating prison policy and disobeying orders. In reply, Mr. Robertson argued that the disciplinary documents failed to properly identify the applicable rule or order, but he did not contest the basic underlying facts—i.e., that he was using the earbuds to listen to an AM/FM mini-radio while outside his cell.

**ANALYSIS**

**I.     Mootness**

We review mootness de novo. *Ghailani v. Sessions*, 859 F.3d 1295, 1300 (10th Cir. 2017). "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e. where the controversy is no longer live and ongoing." *Front Range Equine Rescue v. Vilsack*, 782 F.3d 565, 568 (10th Cir. 2015) (internal quotation marks omitted). "A case is moot . . . where the relief sought can no longer be given or is no longer needed." *Id.* (internal quotation marks omitted). When this case was in the district court, Mr. Robertson sought to be allowed to possess a my-iBible, and prison officials obliged. Thus, the relief Mr. Robertson sought was no longer needed.

Nearly a year later, prison officials seized the earbuds, allegedly making it impossible for Mr. Robertson to listen to his my-iBible. But these subsequent events do not unmoot the case. When a case has become moot while in the district court, we will not supplement the record with subsequent facts proffered in an effort to demonstrate the case is not moot. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1110 n.11 (10th Cir. 2010). If anything, the subsequent

3

events might create a new claim (although we express no opinion on that matter), but they do not revive the instant suit.

Mr. Robertson suggests that other relief is available, in that he is indigent and the prison's property policy bars a third party from donating a replacement my-iBible or replacement headphones, chargers, or similar accessories. But even if a case is not constitutionally moot, it may be prudentially moot. "Prudential mootness doctrine often makes its appearance in cases where a plaintiff starts off with a vital complaint but then a coordinate branch of government steps in to promise the relief she seeks." *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1210 (10th Cir. 2012). For example, "[s]ometimes the plaintiff will seek an order forcing a department to take an action that it eventually agrees to take voluntarily." *Id.*

That was the situation here; prison officials did what Mr. Robertson originally requested by allowing him to have the my-iBible and accessories. The appellees represented to the district court that the Kansas Department of Corrections would allow a third party to replace the my-iBible or accessories should they stop functioning. *See* R., Vol. III at 486. Accordingly, with regard to the claim Mr. Robertson originally asserted, "there remain[ed] not enough value left for the courts to add in this case to warrant carrying on with the business of deciding its merits." *Winzler*, 681 F.3d at 1211. And as with constitutional mootness, the subsequent events do not undermine prudential mootness. In light of the disciplinary hearing, it seems unlikely at this point that prison officials will allow a third party to replace the seized headphones. But again, if anything, that situation would create a

4

different claim than the one Mr. Robinson originally brought. While the parties may have a dispute, it is a different dispute from the one that was before the district court.

Mr. Robertson also argues that the case is not moot because in addition to the my-iBible, his complaint requested a television and a radio. During the litigation, however, Mr. Robertson made it patently clear that (1) his goal was to possess the my-iBible, and (2) his religious needs would not be satisfied by a television or a radio. *See* R., Vol. I at 349, 417, 444, 497, 550, 561, 611, 613; R., Vol. III at 20; *see also Robertson*, 647 F. App'x at 895 n.4 ("On appeal, Robertson contends that television programs, radio broadcasts, telephone calls, and clergy visits are all insufficient to satisfy his religious need to hear the Bible read aloud."). He went so far as to assert, both before and after the remand, that the case would be moot if he received the my-iBible. R., Vol. I at 418; R., Vol. III at 355. Having received his my-iBible, Mr. Robertson cannot now try to keep this litigation on life-support by changing his position and belatedly arguing that his religious needs *also* extend to a television and a radio.[1]

## II. Secretarial Fees

Mr. Robertson also appeals from the district court's denial of his motion for an award of $13,600 in secretarial costs billed to him by his mother. The district court held that, as a pro se litigant, he was not entitled to an award of attorney's fees,

---

[1] Because this case is moot, we need not consider Mr. Robertson's challenges to the district court's (1) grant of an extension for the defendants to respond to a motion for summary judgment and (2) denial of Mr. Robertson's two motions for a preliminary injunction. With the case as a whole having been mooted, those questions too are moot.

which would include the costs of secretarial assistance.  We review de novo that legal ground for denial of a fee award.  *See ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 777 (10th Cir. 2011).

We agree with the district court.  A successful RLUIPA claimant may obtain a fee award under 42 U.S.C. § 1988(b).  Bills for the work of legal secretaries come under the purview of a § 1988 attorney's fee award.  *See Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 285 (1989) (holding that § 1988 fee award "must take into account the work not only of attorneys, but also of secretaries, messengers, librarians, janitors, and others whose labor contributes to the work product for which an attorney bills her client"); *see also Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998) (holding that "the fees for attorneys, law clerks, and legal assistants are all determined in the same fashion" "under the rubric of" § 1988).  But as a matter of law, a pro se litigant is not eligible for a § 1988 fee award.  *Kay v. Ehrler*, 499 U.S. 432, 435, 437-38 (1991); *Turman v. Tuttle*, 711 F.2d 148, 149 (10th Cir. 1983) (per curiam).  Mr. Robertson misplaces his reliance on *Burt v. Hennessey*, 929 F.2d 457, 459 (9th Cir. 1991).  Even assuming *Burt* survived *Kay* (which was issued soon after *Burt* was decided), *Burt* has never been adopted in this circuit.[2]

---

[2] In his reply brief, Mr. Robertson argues that "[e]ven if this Court were to hold *Burt* as 'not good law', . . . RLUIPA provides for an award of appropriate relief against a government [and] secretarial costs is an award of appropriate relief."  Reply Br. at 6 (internal quotation marks omitted).  We need not decide the question because Mr. Robertson did not raise this argument in his opening brief.  *See Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011).

**CONCLUSION**

Mr. Robertson's motion to proceed without prepayment of costs or fees is granted. Mr. Robertson is reminded that under 28 U.S.C. § 1915(b), he remains obligated to pay the full amount of the applicable fees. The motion for an injunction pending appeal and the motion for an order requiring service are denied as moot. The judgment of the district court is affirmed.

Entered for the Court


Gregory A. Phillips
Circuit Judge